# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, <br><br> *Plaintiff*, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services; <br><br> DANIEL J. BARRY, in his official capacity as Acting General Counsel of the U.S. Department of Health and Human Services; <br><br> DIANA ESPINOSA, in her official capacity as Acting Administrator of the Health Resources and Services Administration; <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; *and* <br><br> HEALTH RESOURCES AND SERVICES ADMINISTRATION, <br><br> *Defendants*. | C.A. No. 21-27 (LPS) <br><br> ADMINISTRATIVE PROCEDURE ACT REVIEW OF AGENCY DECISION |

### [PROPOSED] ORDER GRANTING
### PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT
### AND ENTERING FINAL JUDGMENT FOR PLAINTIFF

The Court having considered Plaintiff AstraZeneca Pharmaceuticals LP's Second Motion for Summary Judgment, the relevant papers and submissions, and any opposition thereto,

IT IS HEREBY ORDERED, this _____ day of _____, 2021, that Astra-Zeneca's Second Motion for Summary Judgment is GRANTED.

The Court further DECLARES that the letter from Acting Administrator Diana Espinosa to Odalys Caprisecca dated May 17, 2021 (May 17 letter) is not in accordance with law, was issued

1

without observance of procedure required by law, and is invalid.

The Court further ORDERS that the May 17 letter is SET ASIDE and VACATED.

The Court further DECLARES that that AstraZeneca is not required to deliver 340B-discounted drugs to an unlimited number of contract pharmacies.

The Court further DECLARES that Section 340B does not conflict with, forbid, or foreclose AstraZeneca's policy of offering 340B drugs directly to covered entities or, if the covered entity lacks an in-house pharmacy, allowing the covered entity to designate a single contract pharmacy for delivery of AstraZeneca's medicines at the 340B price.

The Court further ORDERS that each of the Defendants and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the foregoing persons, are PERMANENTLY ENJOINED from implementing or enforcing the May 17 letter.

The Court further ORDERS that each of the Defendants and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the foregoing persons, are PERMANENTLY ENJOINED from assessing overcharges or imposing civil monetary penalties against AstraZeneca based on the May 17 letter.

The Court further ORDERS that each of the Defendants and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the foregoing persons, are PERMANENTLY ENJOINED from undertaking any action or issuing any final decision, judgment, order, or relief against AstraZeneca based on the May 17 letter.

The Court further ORDERS that Defendants shall pay AstraZeneca reasonable attorneys' fees and costs, plus interest accruing thereon, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

The Clerk is directed to enter JUDGMENT in favor of Plaintiff and to close the case.

_____
UNITED STATES DISTRICT JUDGE